# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CITY OF UDALL, KANSAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 13-1314-KHV |
| POE & ASSOCIATES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

The City of Udall, Kansas brings suit against Poe & Associates, Inc. for breach of contract. Plaintiff originally filed the case in the District Court of Cowley County, Kansas, and defendant removed the action to this Court on grounds of diversity. See Defendant's Notice Of Removal To Federal Court (Doc. #1) filed August 26, 2013. This matter comes before the Court on plaintiff's Motion To Stay Case And Refer Dispute To Arbitration (Doc. #8) filed September 17, 2013. For reasons stated below, the Court sustains plaintiff's motion.

## Legal Standards

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., provides that a written agreement to arbitrate disputes arising out of a contract involving commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 4 of the FAA authorizes a federal district court to compel arbitration when it would have jurisdiction over a suit on the underlying dispute. See generally Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-27 (1983). Section 3 of the FAA obliges courts to stay litigation on matters that the parties have agreed to arbitrate. 9 U.S.C. § 3. The

purpose of the Act is "to place an arbitration agreement upon the same footing as other contracts and to overturn the judiciary's longstanding refusal to enforce agreements to arbitrate." Hill v. Ricoh Ams. Corp., 603 F.3d 766, 771 (10th Cir. 2010) (citing Glass v. Kidder Peabody & Co., Inc., 114 F.3d 446, 451 (4th Cir. 1997)). The FAA is a "congressional declaration of a liberal federal policy favoring arbitration agreements." Moses H. Cone, 460 U.S. at 24. Despite its liberal policy, the FAA "does not require parties to arbitrate when they have not agreed to do so." Volt Info. Sciences, Inc. v. Bd. of Trs., 489 U.S. 468, 478 (1989). Rather, courts must enforce agreements to arbitrate, like other contracts, in accordance with their terms. Id.

### Factual And Procedural Background

Plaintiff alleges the following facts.

In August of 2008, the parties entered into an engineering services contract regarding the expansion and improvement of the City's water supply system. Petition ¶¶ 5,6, Exhibit C to Defendant's Notice Of Removal To Federal Court (Doc. #1). Defendant breached the agreement by not providing services at the level of care and skill ordinarily used by members of the engineering profession. Id. ¶ 7, 9. As a result, plaintiff suffered damages in excess of $650,000. Id. ¶ 10.

The parties' agreement contains the following arbitration clause:

All Disputes between OWNER and ENGINEER shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association . . . subject to the limitations and restrictions stated . . . below. This agreement to arbitrate . . . will be specifically enforceable under prevailing law of any court having jurisdiction.
  1. Notice of the demand for arbitration must be filed in writing with the other party to the Agreement and with the American Arbitration Association. The demand must be made within a reasonable time after the Dispute has arisen. In no event may the demand for arbitration be made after the date when institution of legal or equitable proceedings based on such Dispute would be barred by the applicable statute of limitations.
  2. The award rendered by the arbitrators will be final, and

judgment may be entered upon it in any court having jurisdiction
thereof.

      3.      If a Dispute in question between OWNER and ENGINEER
involves the work of a contractor [or subcontractor or consultant],
either OWNER or ENGINEER may join each Joinable Party as a
party to the arbitration[.] * * *

Plaintiff's Exhibit H (Doc. #10) filed September 18, 2013.

     In a letter to defense counsel dated July 31, 2013, plaintiff's counsel stated as follows:

     Enclosed you will find a copy of the Petition which we will be filing . . . in
Cowley County District Court.  As I have indicated to you in our conversation, I
realize that there is an arbitration provision contained in the contract but I believe
that provision is waivable by the parties.  Please let me know your client's position
on whether they want to proceed with arbitration or whether they will consent to
proceed in state district court in connection with the litigation which we have
initiated.

     I need to know at this point whether you are willing to accept service of
process of the Petition on behalf of your client or whether I need serve them with a
copy of the Petition.  I would also request their position on the issue of arbitration
and we can then decided [sic] how to best proceed.  If we proceed with arbitration,
we will need to make an application with AAA and move in that direction.  I look
forward to hearing from you with regard to your client's decision on the issues set
forth in this letter.

Exhibit A to Defendant Poe & Associates, Inc.'s Opposition To Plaintiff's Motion To Stay Case And

Refer Dispute To Arbitration ("Defendant's Opposition") (Doc. #11) filed September 25, 2013.

     On August 5, 2013, plaintiff filed suit in the District Court for Cowley County, Kansas.  See

Petition, Exhibit C to  Defendant's Notice Of Removal To Federal Court (Doc. #1).

     On August 26, 2013, defendant removed the case to this court.  See Defendant's Notice Of

Removal To Federal Court (Doc. #1).

     In a letter to defense counsel dated September 9, 2013, plaintiff's counsel stated as follows:

     As I indicated to you in our most recent telephone conversation, I filed the
case against [defendant] in Cowley County District Court primarily to address
concerns about the statute of limitations.  As I indicated in the letter sent to you with
a courtesy copy of the court filing, our intent was that if the case proceeded to

arbitration that the case would be stayed in Cowley County District Court during []
arbitration.  When a decision was then obtained in the arbitration, it could then be
filed in the stayed case and the prevailing party could then seek to enforce of the
judgment obtained, all as contemplated by the Kansas Statutes relating to arbitration.

It is my understanding that your client is currently contemplating the
arbitration clause.  I wanted to assure you that my client is not waiving it's [sic] right
to proceed with arbitration in this matter.  I would like to know what your client's
thoughts are with regard to the arbitration clause and process.

Exhibit B to Defendant's Opposition (Doc. #11).

On September 17, 2013, plaintiff filed a motion to stay the case and refer the matter to

arbitration.  See Motion To Stay Case And Refer Dispute To Arbitration (Doc. #8).

On October 8, 2013, the Court stayed discovery in the case pending a ruling on plaintiff's

motion.  See Report And Order On Scheduling Conference (Doc. #13); see also Order Extending

Stay Of Discovery (Doc. #14) filed February 6, 2014.

**Analysis**

Plaintiff asks the Court to stay the proceedings in this case and refer the matter to arbitration.

The parties agree that their contract contains a mandatory arbitration clause, but defendant asserts

that plaintiff has waived its right to invoke arbitration.  Specifically, defendant asserts that by

writing the letter of July 31, 2013, and by filing suit in state court, plaintiff intentionally relinquished

its right to arbitrate the claims.  See Defendant's Opposition (Doc. #11) at 3.

Like any other contract right, a party can waive the right to arbitrate.  See Reid Burton

Constr., Inc. v. Carpenters Dist. Council of S. Colo., 614 F.2d 698, 702 (10th Cir. 1980).  To

determine whether a party has waived the right to arbitrate, the Court examines the facts of each

case, including the following non-exhaustive list of factors:

(1)    whether the party's actions are inconsistent with the right to arbitrate;
(2)    whether the litigation machinery has been substantially invoked and the
       parties were well into preparation of a lawsuit before the party notified the

-4-

opposing party of an intent to arbitrate;

(3)     whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay;

(4)     whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings;

(5)     whether important intervening steps e.g., taking advantage of judicial discovery procedures not available in arbitration had taken place; and

(6)     whether the delay affected, misled, or prejudiced the opposing party.

Hill v. Ricoh Am. Corp., 603 F.3d 766, 772-73 (10th Cir. 2010) (quotations and citations omitted). The burden of persuasion rests with defendant, i.e. the party asserting waiver. Id. at 775. In determining whether defendant has met that burden, the Court gives substantial weight to the "strong federal policy encouraging the expeditious and inexpensive resolution of disputes through arbitration." Id. (quoting Metz v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 39 F.3d 1482, 1488 (10th Cir. 1994)).

Under the first factor , the Court looks to whether plaintiff's actions are inconsistent with the right to arbitrate. Defendant asserts that the letter of July 31, 2013 demonstrates that plaintiff intended to relinquish its right to arbitrate. See Defendant's Opposition (Doc. #11) at 3. In the letter, plaintiff stated that it planned to file an action in state court and asked whether defendant would prefer to arbitrate or consent to proceed in state court. See Exhibit A to Defendant's Opposition. To the extent the letter may have expressed an intent to waive arbitration, it was contingent on defendant agreeing to proceed in state court. The letter clearly contemplated that the parties might proceed to arbitration: it asked for defendant's position regarding arbitration and stated that "[i]f we proceed with arbitration, we will need to make an application with AAA and move in that direction." Defendant asserts that by filing the case in state court, plaintiff demonstrated an intent to give up its right to arbitrate. See Defendant's Opposition (Doc. #11) at 3. Defendant cites no authority – and the Court is aware of none – which suggests that the mere fact of filing suit

-5-

relinquishes the right to arbitrate.  Plaintiff indicates that it filed the case to preserve the statute of limitations.  On these facts, plaintiff's actions are not inconsistent with the intent to arbitrate.  The first factor weighs against finding that plaintiff has waived the right to arbitrate.

Under the second factor, the Court examines whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before plaintiff notified defendant of its intent to arbitrate.  Before filing suit, plaintiff asked whether defendant would waive arbitration and consent to litigate the matter in state court.  See Exhibit A to Defendant's Opposition (Doc. #11).  Shortly after defendant removed the case to this Court, plaintiff asked for defendant's position regarding arbitration and stated that plaintiff was not waiving its right to proceed to arbitration.  See Exhibit B to Defendant's Opposition (Doc. #11).  On these facts, the second factor weighs against finding that plaintiff has waived the right to arbitrate.

Under the third factor, the Court considers whether plaintiff requested arbitration close to the trial date or delayed for a long period before seeking a stay.  Before filing suit and again after filing suit, plaintiff attempted to resolve the arbitration issue with defendant.  Soon after defendant removed the case to this Court, plaintiff sought to enforce the arbitration provision.  On these facts, plaintiff did not delay in seeking to arbitrate.  The third factor weighs against finding that plaintiff has waived the right to arbitrate.

The fourth factor asks whether a party seeking arbitration filed claims without asking to stay the proceedings.  Before filing suit, plaintiff asked whether defendant would waive arbitration and agree to proceed in state court.  Although plaintiff did not ask for a stay of the state court proceedings, it did seek a stay shortly after defendant removed the case to federal court.  On these facts, the fourth factor weighs against finding that plaintiff has waived the right to arbitrate.

-6-

Under the fifth factor, the Court looks to whether important intervening steps, e.g. taking advantage of judicial discovery procedures not available in arbitration, have taken place.  As noted, the Court stayed discovery shortly after plaintiff filed its motion to compel arbitration.  Thus, no important intervening steps have occurred.  On these facts, the fifth factor weighs against finding that plaintiff has waived the right to arbitrate.

Under the sixth factor, the Court examines whether delay by plaintiff has affected, misled or prejudiced defendant.  Defendant asserts that it has incurred expenses in removing the case to federal court and in responding to plaintiff's motion to stay.  The record demonstrates that plaintiff attempted to address arbitration informally with defendant.  See Letter of July 31, 2013, Exhibit A to Defendant's Opposition (Doc. #11) (asking whether defendant preferred to proceed with arbitration or consent to litigate in state court) and Letter of September 9, 2013, Exhibit B to Defendant's Opposition (Doc. #11) (asking for defendant's position regarding arbitration).  Thus, it appears that defendant incurred the expenses as a result of its own choosing.  On these facts, the sixth factor weighs against finding that plaintiff has waived the right to arbitrate.

After careful consideration of the Hill factors and the facts of this case, the Court finds that plaintiff has not waived its right to enforce the parties' arbitration clause.  Accordingly, the Court will stay this case and refer the matter to arbitration.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Stay Case And Refer Dispute To Arbitration (Doc. #8) filed September 17, 2013 be and hereby is **SUSTAINED**.  This matter is stayed pending arbitration.  Beginning **September 1, 2014** and every three months thereafter until

the case is closed, plaintiff shall file status reports which update the Court on the parties' progress

toward completing arbitration proceedings.

       Dated this 11th day of July, 2014 at Kansas City, Kansas.

s/  Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
